UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RORY BOOTHE; ANDRE ANTROBUS,

                        Plaintiffs,

            -against-

BOARD OF EDUCATION NYS; NEW YORK
CITY,

                        Defendants.

25-CV-3210 (KMW)

ORDER OF DISMISSAL

KIMBA M. WOOD, United States District Judge:

        Rory Boothe and Andre Antrobus, proceeding *pro se*, are currently incarcerated at the

George R. Vierno Center on Rikers Island.  Plaintiffs bring this action claiming federal question

jurisdiction, asserting a "fraud" claim.  By order dated August 21, 2025, ECF No. 5, the Court

granted Plaintiff Rory Boothe's request to proceed *in forma pauperis* ("IFP"), that is, without

prepayment of fees.[1]  For the following reasons, the complaint is dismissed.


                        **STANDARD OF REVIEW**

        The Prison Litigation Reform Act requires that federal courts screen complaints brought

by prisoners who seek relief against a governmental entity or an officer or employee of a

governmental entity.  *See* 28 U.S.C. § 1915A(a).  The Court must dismiss a prisoner's IFP

complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim

upon which relief may be granted, or seeks monetary relief from a defendant who is immune

from such relief.  28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been
granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

(2d Cir. 2007). The Court must also dismiss a complaint if the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

## BACKGROUND

The following facts are drawn from the complaint.[2] According to Boothe and Antrobus, the events underlying this matter occurred in New York City, at P.S. 181, John Dewey High School, George Westinghouse, "from 1970 to 1975, 1975 to 1980, 1980 to 1985, 1990 to ?" (ECF 1 at 5.) Boothe and Antrobus appear to allege that Defendants committed "[f]raud and mis representation," and "operat[ed] prejudicially" in providing them with an education. According to the complaint, Defendants "frauded the people long enough" that "Christopher Columbus discovered America lies (Alkehulan people did)"; that "Ben Franklin discovered electricity (Alkehulan people did)"; that "tom Edison invented the light bulb lies more examples of deception, trickery and fraud that harmed the people"; that an "apple a day keeps the doctor away (even small amounts of arsenic makes you doltish and cognitive defects)"; that drinking "water keeps you Healthy (with Flouride in the water for over a century to 2025 gives cognitive defects)"; that "[d]ifferent races as in spanish, Chinese and etc (one race of Humanoids which Black D-N-A is in everyone that's human)"; and that the "Alamo to etc. History of America is a illusion a fraud." (*Id.*)

In the "Injuries" section of the form complaint, Boothe and Antrobus assert "emotional distress, mental anguish, prejudice injury to Brains cognitive skills." (*Id.* at 6.) Plaintiffs seek 250,000,000,000 dollars in damages. (*Id.* at 6.)

---

[2] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation appear as in the complaint unless noted otherwise.

**DISCUSSION**

**A.    Andre Antrobus**

To proceed with a civil action in this Court, a prisoner must either pay $405.00 in fees –– a $350.00 filing fee plus a $55.00 administrative fee –– or request authorization to proceed without prepayment of fees bysubmitting a signed IFP application and a prisoner authorization. See 28 U.S.C. §§ 1914, 1915.  In addition, Rule 11(a) of the Federal Rules of Civil Procedure provides that "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name – or by a party personally if the party is unrepresented." The Supreme Court has interpreted Rule 11(a) to require "as it did in John Hancock's day, a name handwritten (or a mark handplaced)."  *Becker v. Montgomery*, 532 U.S. 757, 764 (2001).

Antrobus, who is listed as a plaintiff in the caption of the complaint, did not sign the complaint form,pay the filing fees or seek leave to proceed IFP.  Ordinarily, the Court would give Antrobus an opportunity to cure these deficiencies.  The Court declines to do so, however, because Antrobus is barred, under the "three-strikes" provision of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g), from filing any new action IFP while he is a prisoner.  *See Antrobus et al v. Dep't of Corr.*, No. 24-CV-9474 (LTS) (S.D.N.Y. Jan. 27, 2025) (listing strikes).[3]

As discussed below, this complaint does not show that Antrobus is in imminent danger of serious physical injury.  Because Antrobus is barred from proceeding IFP, and has not alleged

---

[3] Section 1915(g) provides that:

In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

facts suggesting such imminent danger, the Court dismisses any claims filed on his behalf without prejudice.

**B.      Rory Boothe**

Article III, Section 2, of the Constitution limits the jurisdiction of the federal courts "to the resolution of cases and controversies." *Mahon v. Ticor Title Ins. Co.*, 683 F.3d 59, 62 (2d Cir. 2012) (citation and internal quotation marks omitted). "Standing to sue or defend is an aspect of the case-or-controversy requirement." *Arizonans for Off. Eng. v. Arizona*, 520 U.S. 43, 64 (1997). To demonstrate standing, a plaintiff must show that: (1) he or she has personally suffered some actual or threatened injury as a result of the defendant's alleged illegal conduct; (2) the injury is fairly traceable to the defendant's conduct; and (3) the injury is likely to be redressed by the requested relief. *Valley Forge Christian Coll. v. Am. United for Separation of Church & State, Inc.*, 454 U.S. 464, 472 (1982). The burden of establishing standing to sue rests with the party or parties bringing the action. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992).

In the complaint, Boothe alleges that the public education system in New York City committed "fraud" by spreading information he believes to be false. These assertions, however, are not legal claims because they lack factual support demonstrating that a defendant caused Boothe to suffer an actual injury that is redressable by a federal court. He therefore lacks standing to bring this action, and consequently, the Court dismisses Boothe's claims for lack of subject matter jurisdiction. *See Mahon*, 683 F.3d at 62 (noting that where "plaintiffs lack Article III standing, a court has no subject matter jurisdiction to hear their claim." (citation omitted)).

---

28 U.S.C. § 1915(g). An imminent danger is one "existing at the time the complaint is filed." *Malik v. McGinnis*, 293 F.3d 559, 563 (2d Cir. 2002). A danger "that has dissipated by the time a complaint is filed" is not sufficient. *Pettus v. Morgenthau*, 554 F.3d 293, 296 (2d Cir. 2009).

C.    **Leave to amend denied**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile.  *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Lucente v. Int'l Bus. Machines Corp.*, 310 F.3d 243, 258 (2d Cir. 2002).  Because Plaintiffs cannot cure the defects in the complaint with an amendment, the Court declines to grant Plaintiffs leave to amend the complaint.

## CONCLUSION

The Court denies Andre Antrobus's request to proceed IFP, and dismisses his claims without prejudice under the PLRA's "three-strikes" rule.[4]  *See* 28 U.S.C. § 1915(g).  Antrobus remains barred from filing any future action IFP while he is in custody, unless he is under imminent threat of serious physical injury.[5]  *Id.*

The Court dismisses without prejudice claims set forth by Rory Boothe, under 28 U.S.C. § 1915(a)(1), for lack of subject matter jurisdiction.  *See* Fed. R. Civ. P. 12(h)(3).

---

[4] Antrobus may commence a new action by paying the filing fee. If he does so, that complaint will be reviewed under 28 U.S.C. § 1915A, which requires the Court to dismiss *any* civil rights complaint from a prisoner if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b).

[5] The Court may bar any vexatious litigant (including a nonprisoner) from filing future actions (even if the filing fee is paid) without first obtaining leave from the Court.  *See In re Martin-Trigona*, 9 F.3d 226, 227-30 (2d Cir. 1993) (discussing sanctions courts may impose on vexatious litigants, including "leave of court" requirement).

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and, therefore, IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter judgment dismissing this action.

SO ORDERED.

Dated:     September 3, 2025
           New York, New York

/s/Kimba M. Wood
KIMBA M. WOOD
United States District Judge